UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ARNULFO PEREZ CARRILLO,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security, et al.,

Respondents.

Case No.:  26-CV-3557 JLS (BJW)

**ORDER GRANTING IN PART PETITION FOR A WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Petitioner Arnulfo Perez Carrillo's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court is Respondents' Return to Petition for a Writ of Habeas Corpus ("Ret.," ECF No. 4).  Petitioner did not file a traverse.  *See generally* Docket.

Petitioner alleges that he has been detained by the United States Department of Homeland Security's Immigration and Customs Enforcement division at the Otay Mesa Detention Center.  Pet. ¶ 59.  Petitioner is a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025).[1]  Ret. at 1.  Respondents

---

[1] On March 6, 2026, the Ninth Circuit granted an administrative stay of the *Bautista* decision "insofar as the district court's judgment extends beyond the Central District of California."  *Maldonado Bautista, et*

1

"acknowledge[] the prior orders from this District directing bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases" and "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." *Id.* at 1–2.

Accordingly, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and **ORDERS** the Government to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within <u>fourteen (14) days</u>, unless Petitioner, the non-citizen, requests a continuance.  Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.  The non-citizen bears the burden of demonstrating, by a preponderance of the evidence, that they are not a danger to the community or a flight risk.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).  The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody.  The Parties **SHALL FILE** a status report informing the Court of the outcome of the hearing by <u>July 22, 2026</u>.

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment.  Petitioner's attorney is directed to submit an attorney fee application and corresponding billing records within <u>thirty (30) days</u> of this Order, and Respondents are instructed to file any opposition within <u>fourteen (14) days</u> of Petitioner's attorney fee application.

As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  July 1, 2026

Hon. Janis L. Sammartino
United States District Judge

---

*al. v. United States Department of Homeland Security, et al.*, No. 26-1044, ECF No. 5 (9th Cir. March 6, 2026).  Therefore, the Court resolves the Petition without reliance on *Maldonado Bautista*.

26-CV-3557 JLS (BJW)